IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIANNA SIMMONS,<br><br>    Petitioner,<br><br>  v.<br><br>FLAGSTAR BANK, FSB,<br><br>    Respondent.<br>_____/ | No. C-11-05106 MMC<br><br>**ORDER DISMISSING PETITION FOR DEPOSITIONS TO PERPETUATE TESTIMONY** |

    Before the Court is Julianna Simmons' ("Simmons") "Petition for Depositions to Perpetuate Testimony Under F.R.C.P. Rule 27," filed October 18, 2011. Respondent Flagstar Bank, FSB ("Flagstar") has filed an opposition to the petition. Simmons has not filed a reply.[1] Having read and considered the parties' respective written submissions, the Court rules as follows.

    In the petition, Simmons, who appears pro se, seeks to perpetuate testimony of Flagstar by deposition for use in a later action against Flagstar, which proceeding, Simmons alleges, she "cannot cause [ ] to be brought without [the] requested deposition."

---

[1] Pursuant to the Court's order of December 6, 2011, Simmons' reply was due no later than December 19, 2011. On December 20, 2011, Simmons filed a document titled "First Amended Complaint, Answer to Respondents Oppisition [sic] to Rule 27 Petition to Perpetuate Testimony." Said document, however, is signed by Brandon Polk, who purports to be a "successor in interest." Brandon Polk is not a party to the instant action. Nor is Brandon Polk an attorney; consequently, he cannot represent Simmons in the instant action. Accordingly, the above-referenced filing is hereby STRICKEN.

(See Petition at 2.)  Although Simmons does not identify in any detail the nature of said proceeding, the proceeding apparently would involve certain real property located on Almaden Way in Livermore, California.[2]

       As noted, Simmons brings the instant petition pursuant to Rule 27 of the Federal Rules of Civil Procedure.  Under Rule 27(a)(1):

> A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:
>
> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
>
> (B) the subject matter of the expected action and the petitioner's interest;
>
> (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
>
> (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
>
> (E) the name, address, and expected substance of the testimony of each deponent.

See Fed. R. Civ. P. 27(a)(1).  If the district court is "satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, the court must issue an order that designates or describes the persons whose depositions may be taken, specifies the subject matter of the examinations, and states whether the depositions will be taken orally or by written interrogatories."  See Fed. R. Civ. P. 27(a)(3).

       Flagstar argues that Simmons' petition fails to comply with the requirements of Rule 27.  As discussed below, the Court agrees.

       First, because Simmons fails to identify in any detail the nature of the action she intends to bring against Flagstar, she has not shown that any such action would be "cognizable in a United States district court."  See Fed. R. Civ. P 27(a)(1)(A).  Second,

---

[2]The same property is the subject of an unlawful detainer proceeding filed by Flagstar in state court.  Simmons has removed said unlawful detainer proceeding three times, most recently as Flagstar Bank, FSB v. Simmons, C-11-5109 MMC, and, each time, the unlawful detainer proceeding has been remanded to state court.

1  Simmons fails to allege any facts to support her conclusory assertion that she presently
2  cannot file the action against Flagstar.  <u>See</u> <u>id.</u>  Third, although Simmons refers to various
3  general topics on which she would like to take discovery (<u>see</u>, <u>e.g.</u>, Petition ¶ 14
4  (requesting evidence to show Flagstar "is not in violation of the terms of the Note, by
5  stealing petitioner's note"), Simmons fails to identify "the substance of the testimony" to be
6  provided by Flagstar, much less show such testimony "would be admissible in any later
7  litigation."  <u>See</u> <u>Nevada v. O'Leary</u>, 63 F.3d 932, 936 (9th Cir. 1995) (setting forth
8  "requirements of subsection 1 of Rule 27(a)(1)").

9       In sum, Simmons fails to show she is entitled to take Flagstar's deposition pursuant
10 to Rule 27.  <u>See</u> <u>id.</u> at 933 (holding "Rule 27 is not appropriate where [ ] the petitioner
11 seeks discovery of unknown information that the petitioner hopes will assist it in the future
12 when the petitioner applies for judicial relief").

13      Accordingly, the petition is hereby DISMISSED.

14      In light of the dismissal of the petition, the February 24, 2012 Case Management
15 Conference is hereby VACATED.

16      The Clerk of the Court shall close the file.

17      **IT IS SO ORDERED.**

19 Dated: December 27, 2011
                                               MAXINE M. CHESNEY
20                                                United States District Judge